UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON S. RAINES,

        Petitioner,               Case No. 1:16-cv-781

v.                                 Honorable Janet T. Neff

TONY TRIERWEILER,

        Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Damon S. Raines presently is incarcerated at the Bellamy Creek Correctional Facility. He pleaded guilty in the Kent County Circuit Court to third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d. On December 13, 2012, he was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769,12, to a prison term of 180 months to 60 years. Because the sentence did not comport with the plea agreement, Petitioner filed a motion for resentencing on April 12, 2013. On May 14, 2013, he was resentenced to imprisonment for 150 months to 60 years.

Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, alleging a variety of scoring errors under the sentencing guidelines. The court of appeals denied leave to appeal on September 12, 2013. Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same guidelines-scoring claims. The supreme court denied leave to appeal on March 26, 2014. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

On December 4, 2014, Petitioner filed a motion for relief from judgment in the Kent County Circuit Court, raising two claims:

I. [PETITIONER] HAS PRESENTED ADEQUATE CAUSE AND RESULTING PREJUDICE AS REQUIRED BY M.C.R 6.508(D)(3)(a)&(b), AND, THEREFORE, IS ENTITLED TO RELIEF BASED UPON THE NEW RULE OF LAW ESTABLISHED IN *ALLEYNE V. UNITED STATES*, 133 S CT 2151 (2013).

II. [PETITIONER'S] SIXTH AND FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED BY FACT FINDING WHICH INCREASED THE FLOOR OF THE PERMISSIBLE SENTENCE IN VIOLATION OF *ALLEYNE V. UNITED STATES*, 133 S CT 2151 (2013).

(Pet., ECF No. 1, PageID.3.)  The circuit court denied the motion for relief from judgment on January 13, 2015.  On February 1, 2015, Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, raising three issues:

> I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED [PETITIONER'S] MOTION FOR RELIEF FROM JUDGMENT, BY FAILING TO ADDRESS THE SUBSTANTIVE ISSUE RAISED; ATTEMPTING TO RELY ON A PROCEDURAL BAR TO THE CLAIM; AND, ONCE AGAIN RELYING ON IMPROPER JUDICIAL FACT FINDING TO SUBSTANTIATE ITS OPINION.
>
> II. [PETITIONER] HAS PRESENTED ADEQUATE CAUSE AND RESULTING PREJUDICE AS REQUIRED BY M.C.R. 6.508(D)(3)(a)&(b), AND, THEREFORE IS ENTITLED TO RELIEF BASED UPON THE NEW RULE OF LAW ESTABLISHED IN *ALLEYNE V. UNITED STATES*, 133 S CT 2151 (2013).
>
> III. [PETITIONER'S] SIXTH AND FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED BY FACT FINDING WHICH INCREASED THE FLOOR OF THE PERMISSIBLE SENTENCE IN VIOLATION OF *ALLEYNE V. UNITED STATES*, 133 S CT 2151 (2013).

(*Id.*, PageID.4.)  The court of appeals denied leave to appeal on March 30, 2015.  Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same three issues.  He also filed a motion seeking to hold the appeal in abeyance pending the Michigan Supreme Court's resolution of *People v. Lockridge*, 870 N.W.2d 358 (Mich. 2015).  The Supreme Court denied leave to appeal March 30, 2016.  In its order denying leave to appeal, the court also denied the motion to hold the case in abeyance as moot, as *Lockridge* had been decided on July 29, 2015, before the supreme court reached its decision in Petitioner's case.

Petitioner filed his habeas application on or about May 19, 2016, raising the second and third grounds for relief presented to the Michigan Court of Appeals on collateral review.

**Discussion**

The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-

court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at *3 (quoting *Harrington v. Richter*, 562 U.S. 83, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted). The court may grant relief under the "unreasonable application" clause "if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular . . . case." *Williams*, 529 U.S. at 407. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410. "[R]elief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no

'fairminded disagreement' on the question." *White*, 134 S. Ct. at 1706-07 (quoting *Harrington*, 562 U.S. at 103).

Where the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *See Harrington*, 562 U.S. at 99; *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary denial of leave to appeal by a Michigan appellate court is considered a decision on the merits entitled to AEDPA deference). The presumption, however, is not irrebuttable. *Johnson*, 133 S. Ct. at 1096. Where other circumstances indicate that the state court has not addressed the merits of a claim, the court conducts *de novo* review. *See id.* (recognizing that, among other things, if the state court only decided the issue based on a state standard different from the federal standard, the presumption arguably might be overcome); *see also Harrington*, 562 U.S. at 99-100 (noting that the presumption that the state-court's decision was on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question).

I. Cause and Prejudice to Raise Claims in Motion Under 6.508

Petitioner's first issue on habeas review concerns whether he has overcome the cause-and-prejudice threshold for raising claims in a motion for relief from judgment in the state court. Michigan Court Rule 6.508(D)(3) provides, in potentially applicable part, that the state court may not grant a motion for relief from judgment that

    (3)      alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

        (a)      good cause for failure to raise such grounds on appeal or in the prior motion, and

        (b)      actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,

. . .

(ii) in a conviction entered on a plea of guilty . . . the defect in the proceedings was such that it renders the plea and involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand;

(iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case;

(iv) in a case of a challenge to the sentence is invalid.

*Id.* The state courts determined that Petitioner had not met the requirements of showing good cause and prejudice under MICH. CT. R. 6.508(D)(3), and he therefore was not entitled to relief in that proceeding. (*See* 1/13/2015 Cir. Ct. Ord., ECF No. 2-1, PageID.119.)

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). The Sixth Circuit repeatedly has recognized "'that

a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76).

Petitioner's first habeas ground is strictly a matter of state law. The conclusions of the state court that Petitioner did not meet the requirements of the rule is binding on this Court and not subject to habeas review. *Id.*

II. Sentencing in Violation of *Alleyne*

In his second ground for habeas relief, Petitioner argues the sentencing judge violated his Sixth and Fourteenth Amendment rights to a trial by jury by using, to enhance his sentence, facts that had not been admitted by Petitioner or found by a jury beyond a reasonable doubt. Petitioner bases his argument on the line of cases beginning with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and including *Ring v. Arizona*, 53 US 584 (2002), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Apprendi* enunciated a new rule of Sixth Amendment jurisprudence. In the subsequent case of *Blakely*, the Court applied the rule of *Apprendi* to a state sentencing guideline scheme, under which the maximum penalty could be increased by judicial fact-finding. The *Blakely* Court held that the state guideline scheme violated Sixth Amendment rights, and reiterated the rule that any fact that increased the maximum sentence must be "admitted by the defendant or proved to a jury beyond a reasonable doubt." *See Booker*, 543 U.S. at 232 (citing *Blakely*, 542 U.S. at 303).

Petitioner invokes this line of authority in challenging his sentence of 60 to 90 months as violative of Sixth Amendment rights.

Unlike the State of Washington's determinate sentencing system addressed in *Blakely*, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *and see People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). The Sixth Circuit authoritatively has held that the Michigan indeterminate sentencing system does not run afoul of *Blakely*. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007).

Subsequently, in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151 (2013), the Supreme Court held that the *Apprendi* line of cases applies equally to mandatory minimum sentences. Shortly thereafter, the Michigan Court of Appeals concluded that *Alleyne* only prohibited judicial factfinding used to determine a mandatory minimum sentence, but had no impact on judicial factfinding in scoring the sentencing guidelines producing a minimum range for an indeterminate sentence, the maximum of which is set by law. *See People v. Herron*, 845 N.W.2d 533, 539 (Mich. App. 2013). The Sixth Circuit also concluded that *Alleyne* did not decide the question whether judicial factfinding under Michigan's indeterminate sentencing scheme violated the Sixth Amendment. *See Kittka v. Franks*, 539 F. App'x 668, 673 (6th Cir. 2013). As a consequence, the

Sixth Circuit held, the question is not a matter of clearly established Supreme Court precedent. *Id.* (citing *Montes v. Trombley*, 599 F.3d 490, 498 (6th Cir. 2010)); *see also Saccoccia v. Farley*, 573 F. App'x 483, 485 6th Cir. 2014) ("But *Alleyne* held only that 'facts that increase a mandatory *statutory* minimum [are] part of the substantive offense.'. . . It said nothing about guidelines sentencing factors . . . .") (quoting *Alleyne*, 133 S. Ct. at 2161 (emphasis added)).

Recently, however, in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), in a 5-2 decision, the Michigan Supreme Court held to the contrary. The court reasoned that, because the "guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range," they increase the "mandatory minimum" sentence within the meaning of *Alleyne*, 133 S. Ct. at 2161. *Lockridge*, 870 N.W.2d at 506 (emphasis in original). As a consequence, the *Lockridge* court held that the mandatory application of Michigan's sentencing guidelines was unconstitutional, and the remedy was to make them advisory only. *Id.* at 520-21.

However, *Lockridge*, by its own terms, is inapplicable to Petitioner's sentence. The Michigan Supreme Court only made its holding in *Lockridge* applicable to cases still "pending on direct review." *Id.* at 523. Petitioner's case was not pending on direct review at the time the *Lockridge* court reached its decision.

Moreover, the Michigan Supreme Court's decision in *Lockridge* does not render the result "clearly established" for purposes of habeas review. This Court may consider only the "clearly established" holdings of the United States Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3

(2014); *Bailey*, 271 F.3d at 655.  For the same reasons, it may not consider the holdings of the state courts.  Instead, this Court may only grant relief on habeas review if the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410.  "[R]elief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question."  *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1706-07 (2014) (quoting *Harrington*, 562 U.S. at 103).

As is apparent from the reasoned decisions of the Michigan Court of Appeals in *Herron*, 845 N.W.2d at 539, and the Sixth Circuit in *Kittka*, 539 F. App'x at 673, and *Saccoccia*, 573 F. App'x at 485, as well as the decision of the dissenting justices in *Lockridge* itself, reasonable jurists can and do disagree about whether *Alleyne* applies to the calculation of Michigan's minimum sentencing guidelines.  *Alleyne* therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme.

For all these reasons, the state courts' rejections of Petitioner's second habeas ground were neither contrary to nor an unreasonable application of clearly established Supreme Court precedent.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322,

327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: July 14, 2016                        /s/ Janet T. Neff
                                            Janet T. Neff
                                            United States District Judge